National City Mtge. Co. v Wercberger (2025 NY Slip Op 04489)

National City Mtge. Co. v Wercberger

2025 NY Slip Op 04489

Decided on July 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-08635
 (Index No. 15409/07)

[*1]National City Mortgage Co., respondent, 
v
Joel Wercberger, et al., defendants; Berish Welz, intervenor- appellant.

New York Litigation Group, PLLC, Rochester, NY (Austin T. Shufelt of counsel), for intervenor-appellant.
McGlinchey Stafford, PLLC, New York, NY (Aleksandr Altshuler and Mikelle V. Bliss of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the intervenor, Berish Welz, appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated September 7, 2023. The order denied the motion of the intervenor to fix the amount of an undertaking for a stay pursuant to CPLR 5519(a)(6) pending the determination of an appeal from an order and judgment of foreclosure and sale (one paper) of the same court dated November 4, 2022.
ORDERED that the order is affirmed, with costs.
On the day of a scheduled foreclosure sale, the intervenor, Berish Welz, moved to fix the amount of an undertaking for a stay pursuant to CPLR 5519(a)(6) pending this Court's determination of an appeal from an order and judgment of foreclosure and sale dated November 4, 2022. The Supreme Court denied the motion on the ground that the foreclosure sale had already taken place. The intervenor appeals.
The intervenor's contention that the foreclosure sale should have been stayed pending the determination of the appeal from the order and judgment of foreclosure and sale was rendered academic since the foreclosure sale took place before the motion to fix the amount of an undertaking was heard (see Bank of N.Y. Mellon v Lewis, 200 AD3d 970, 971). Accordingly, the Supreme Court properly denied the motion to fix the amount of an undertaking.
BARROS, J.P., IANNACCI, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court